■ WILLIAM W. WODOWSKI, Appellant, v CONSOLIDATED RAIL CORPORATION et al., Respondents, et al., Defendant. (Appeal No. 1.)—Judgment unanimously modified, on the law and facts, to grant a new trial against defendants Consolidated Rail Corporation and Rodeway Inn limited to the issue of damages and, as modified, affirmed, with costs to plaintiff against defendants Consolidated Rail Corporation and Rode-

way Inn. Memorandum: Plaintiff, a locomotive engineer for Consolidated Rail Corporation (Conrail), suffered personal injuries when a Rodeway Inn van, transporting him from his place of employment to the Rodeway Inn, pursuant to a contract with Conrail, collided with an automobile driven by Dale Marshall. Plaintiff's lawsuit against Marshall is controlled by the New York State Comprehensive Motor Vehicle Insurance Reparations Act (Insurance Law art 51) and against Conrail and Rodeway by the Federal Employers' Liability Act ([FELA], 45 USC § 51 *et seq.*), which provides railroad workers their exclusive remedy while injured on the job predicated solely on negligence standards. The ruling that Rodeway was Conrail's agent within the meaning of FELA is the law of the case. The jury found Rodeway and Marshall negligent but returned a verdict that plaintiff sustained no serious injury within the contemplation of the "No-Fault" statute and awarded no damages. In our view, although a jury could reasonably conclude that plaintiff was not seriously injured, a finding that he was not injured at all is against the weight of the evidence. Defendants contested plaintiff's claim of injury concerning a sore neck and headaches but raised no issue with relation to his claims that he experienced pain in his left leg, left hip, right shoulder, right side and right ear and that he suffered contusions of the left hand and hip. A finding of "no damages" is clearly contrary to the evidence and only can be explained by a conclusion that the jury mistakenly applied the "serious injury" threshold under the no-fault statute to Conrail and Rodeway as well as to Marshall. Moreover, the record indicates that the court never charged the jury with the application of FELA or explained to it that the "serious injury" requirements applied only to Marshall. The court failed to separate Marshall from the remaining defendants or to explain how the different statutes applied to each of the defendants *(see, Rivera v Bronx-Lebanon Hosp. Center,* 70 AD2d 794, 796). It is apparent that the jury misunderstood its duty to determine whether plaintiff received a "serious injury" in the Marshall action as applying to all these defendants.

Since plaintiff is entitled to a new trial against Conrail and Rodeway Inn limited to the issue of damages, he is free to seek relief to amend or supplement his pleadings *(see,* CPLR 3025 [b]). (Appeal from judgment of Supreme Court, Erie County, Kuszynski, J.—negligence.) Present—Doerr, J. P., Boomer, Green, Balio and Schnepp, JJ.